COURT OF APPEALS OF WEST VIRGINIA. 377

| July Term, | Tilden *et al.* vs. Maslin, Ex'or, *et al.* | 1872 |

# 𝕎heeling.

ROBERT J. TILDEN, *et al. vs.* THOMAS MASLIN, EX'OR, *et al.*

July Term, 1872.

1. Where a cause is heard on its merits, without objection, and a demurrer to the bill had been entered, and all material allegations of the bill are denied in the answer and are not sustained by the proof, and the injunction is dissolved and the bill dismissed, there is no error of which the plaintiff can complain, although it may appear in the order dissolving the injunction and dismissing the bill, that the demurrer was sustained, even if the latter was improperly done.

2. It is a uniform doctrine of courts of equity that, it is improper to order an account merely to establish by testimony, the allegations of the bill.

Bill of injunction in the circuit court of Hardy county, filed in May, 1860. The object of the bill was to enjoin the collection of a judgment obtained in 1859, by William Seymour and others against Robert J. Tilden, sheriff of that county, and his sureties.

Tilden, in his bill, alleged that he had an execution in his hands, against certain parties, in favor of Seymour and others, and also certain executions in favor of other parties against Seymour; that he had paid off one execution against Seymour, which was to be allowed as a credit on the execution in his favor in the sheriff's hands; also, that he had tax receipts and other claims against Seymour sufficient to off-set the amount of the judgment; these claims, he alleged, he had at the time of the judgment obtained against him and his sureties in 1859.

Thomas Maslin, the executor of Seymour, answered the bill, denying substantially the material allegations thereof,

48

and also demurring to it, upon the ground that the plaintiff had a remedy at law, and for other reasons.

But two depositions were taken, which this court held clearly failed to establish the allegations of the bill.

The decree complained of, and from which the plaintiff appealed, was rendered in November, 1869, and recites that the cause came on to be heard upon bill, and exhibits filed therewith, bill and amended bill and answers, and demurrers to the bills, and depositions filed; and the demurrer having been set down for argument, and been fully argued, the defendant asked the court to dissolve the injunction and dismiss the bill; on consideration whereof the court was of opinion that the demurrer should be sustained, the injunction dissolved and the bill dismissed, which was accordingly done, &c.

*Armstrong* for the appellant.
*Allen* for the appellee.

BERKSHIRE, P.   The first and main objection urged against the decree appealed from, was that the court improperly sustained the demurrers to the original and amended bill of the appellants.

It was maintained on their behalf, that each of the bills showed sufficient matter on its face for the jurisdiction of the court in the premises, and numerous authorities were cited in support of the position.

It appears, however, from the record, that the case was heard without objection on its *merits;* and as all the material allegations of the bills which constitute the grounds for the injunction awarded are explicitly denied in the answer of the appellee, Maslin; and as the testimony in the cause clearly fails to establish them without deciding whether said demurrer should have been sustained or not, I think there was no error, of which the appellants can complain, in dismissing the bill with costs and damages.   *Rossett* vs. *Grier*, 3 West Va., p. 1.

It was insisted in the argument here that an account should have been ordered by the circuit court, to enable the appellant, Tilden, to establish his alleged set-off and account against Seymour.   But the uniform doctrine of courts of

equity is, that it is improper to order an account merely to afford a party an opportunity to establish, by testimony, the allegations of his bill. *Lee County Justices* vs. *Faulkerton,* 21 Gratt., 182.

The decree, therefore, must be affirmed, with costs and damages.

The other judges concurred.

DECREE AFFIRMED.