# Wheeling.

## Riggs v. Lockwood.

(Absent, Moore, Judge).

Decided December 12, 1877.

1877.
Special Term.

1. As the court below has the right to correct the proceedings had at rules in order to hear the cause, and make final decree therein, it results from this, that in the absence of anything to the contrary appearing upon the record, it must be presumed, that the cause was regularly matured for hearing when the decree was entered, if it appear, that the process was executed and the bill filed for a sufficient time, for the cause to be matured.

2. It is the better practice however, that the decree should show on its face that the cause was regularly matured for hearing.

An appeal with *supersedeas*, granted upon the petition of Jonathan H. Lockwood, from a decree of the circuit court of the county of Marshall, rendered on the 9th day of January 1874, in a cause in chancery then pending in said court, in which William H. Riggs was plaintiff, and said Jonathan H. Lockwood was defendant.

The Hon. C. S. Lewis, late judge of the second judical circuit, presided at the hearing below.

*J. Dallas Ewing*, for appellant :

This cause is a bill for a specific performance of a contract for the sale of real estate. It does not appear that the bill was ever filed at rules, or that any rules or orders

at rules were ever taken in the case. It does not appear that the bill was ever taken for confessed, either at rules or by the court. It does not appear that defendant ever appeared in court, either in person or by counsel. It does not appear that any answer was ever filed, or any issue ever made in the cause. But the bill and exhibits were passed upon by the court without previous proceedings, as by the record appears. Code, chap. 125, sec. 7.

Can it be possible that a judgment and decree made so flagrantly in opposition to all rules and pleadings will be insisted upon in this Court?

It does indeed appear in the commissioner's report that the parties signed an agreement submitting the papers in the cause, dated the 17th day of September 1872; but the agreement and papers submitted, or terms of submission, are not reported; and it does not appear that the defendant even knew, when before the commissioner, that the cause was to be heard by the court.

The exceptions to the master's report were overruled; while we think some of them were well taken.

No judgment ought to have been given by the court for balance found due on account, for no such relief was prayed for in the bill. The manifest object of the bill was to obtain a decree for the deed prayed for, and the court ought not to have been so indulgent as to permit a bill filed for one purpose to answer another, especially when the defendant may be surprised and prejudiced. And where there is no obstruction to the particular relief prayed, the plaintiff cannot abandon that, and ask a different decree under the general prayer. 1. Daniel's Ch. Pr. 449; note Story's Eq. Pl., § 43.

Again, this bill is brought on a supposed lost instrument. There is no affidavit of loss, or that it is not in the power of plaintiff to produce it.

In order to maintain this suit it is indispensable that the loss should be admitted by defendant, or established by competent and satisfactory proofs. 1 Story Eq. Jur., p. 88, § 88.

If it was in the custody of the defendant, he ought to have been ruled by the court (if within its jurisdiction), and sworn to account for it, before proof of its contents could be taken, or decree could properly be entered. Greenl. on Ev., vol. 1, §§558, 559, 560.

*Hanson Criswell*, for appellee.

JOHNSON, JUDGE, furnishes the following statment of the case :

At February rules 1871, the plaintiff filed his bill in t he circuit court of Marshall county, in which he alleged that some time in the year 1860, the plaintiff and defendant.entered into a contract in writing, by which the defendant sold to the plaintiff a parcel of ground, situated in the town of Moundsville, in the county of Marshall, known and designated on the plat of said town a lot No. 6, fronting on Water street, on which lot there was a two story brick tenement house, in a very dilapidated condition ; said contract in writing was left in the possession of the said J. H. Lockwood, and is now claimed by him to be lost. According to the terms of said contract, the plaintiff was to pay for said property $800.00 in four annual payments, with interest, commencing one year from the date of the contract, said defendant was then to make and deliver to the plaintiff a deed of general warranty for said property, and take from plaintiff a deed of trust on said property to secure the payment of the purchase money. It was further stipulated in said contract that as the plaintiff was a carpenter by trade, and the defendant would likely have considerable of that kind of work to be done, defendant would give plaintiff credit for all work, that plaintiff would do or cause to be done. That plaintiff was put in immediate possession of said property by defendant; since which he has expended several hundred dollars in repairing the same ; that on account of money paid, building material

furnished and work done for the defendant, he has fully paid said defendant for said property according to said contract and $164.25 more, as will appear by account filed. That plaintiff has called upon the defendant a great number of times, and requested a settlement and deed for said property; that defendant has refused, and still refuses to come to a fair settlement of their accounts; and the defendant, well knowing that he has been fully paid for said property, still refuses to convey the same to the plaintiff, according to said contract. The prayer of the bill is, that the cause be referred to one of the master commissioners of the court, to ascertain and report the amount paid by the plaintiff on account of the purchase money on said property; that the defendant be compelled by process of the court to produce said contract for the sale of said property, and file the same in the papers of the case; and be required to execute and deliver to plaintiff, a deed of general warranty for said property; and for general relief. The process was duly served on the defendant; but he never answered the bill.

On the 1st day of May 1871, the following order was entered in the cause: "This cause came on this day to be heard on the bill and exhibits filed, and was argued by counsel; on consideration whereof, the court doth adjudge, order and decree that this cause be referred to James D. Morris, Esq., a commissioner of this court to ascertain and report the amount paid by plaintiff on account of the purchase of the house and lot in the bill mentioned, with any other matters that may be deemed pertinent by said commissioner, or that may be required by either of the parties; and this cause is continued until the next term of this court."

On the 5th day of October 1874 the report of the commissioner was filed as follows:

"*To the Circuit Court of Marshall County*:

"Pursuant to a decree of the circuit court of Marshall county rendered——day of May 1871, in a

suit in chancery, depending in said court between William W. Riggs, plaintiff, against Jonathan H. Lockwood, defendant, your commissioner, to whom was referred this cause to ascertain and report the amount paid by the plaintiff on account of the purchase of the house and lot in the bill mentioned, reports that the parties signed an agreement submitting the papers in the cause dated the 17th day of September 1872 ; your commissioner proceeded to ascertain the matters referred to him, at the clerk's office of said court, as well as he could from the irregularity of the accounts filed, the voluminous and conflicting testimony on long standing accounts, and finds the purchase money for the house and lot in the bill to be $800.00, and the different payments made by Riggs at different times amounting to a sum over paying said purchase money to said Lockwood $107.85 in 1868, which will be seen by the annexed statement, in which the interest is estimated on the said purchase money as the payments appeared to be made on it. The testimony conflicts much as to the sum of the purchase money, the article of agreement between them for said purchase being lost by the defendant, the plaintiff claims the purchase at $800.00, with interest; whilst the defendant claims the purchase was for $1000.00 with interest. The annexed statement is for the $800.00 of purchase money.

"All of which is respectfully submitted.

"Given under my hand this 24th day of September 1872.

"Time employed in examining, stating and reporting this account thirteen hours, commissioner's fee for same $9.75              "JAMES D. MORRIS, *Commissioner.*"

The following statement accompanies the report :

*Statement of account between William W. Riggs and Jonathan H. Lockwood for the purchase of house and lot in Moundsville, and payments thereon :*

Feb., 1863.  Cr. purchase money of house and lot..$800 00
To sum paid by Riggs..................................... 83 23—$716 77
Interest thereon for three years................... .....                129 00
Feb., 1860.    Cr. by cash............... ............... .....     60 00
              By tax bill, 1871-2............... ............... 20 43—  80 43

1877.
Special Term.

Riggs
v.
Lockwood.

| | | | |
|---|---|---|---|
| Carried forward.......... ..............................  | | | $926 20 |
| February, 1863. To store bill ............................  | | | 312 29 |
| | | | $613 91 |
| Interest for one year....................................  | | | 36 83 |
| | | | $650 74 |
| 1863 and 1864. To bill for repairing burnt house. | | $655 50 | |
| 1864. To sum overpaid above by Riggs...............$ | 4 76 | | |
| 1865. To store account. ........ ...... .....................  | 23 20— | 27 96 | |
| Cr. by order to mill.......................  ......................:$ | 3 00 | | |
| Meat, J. W. Gallaher. ..........................................  | 5 04 | | |
| By order to Ferguson ........................................ .. | 2 25 | | |
| Feb. 2, order to Ferguson... .................. .......... | 4 00 | | |
| Cash...... ...................................................  | 2 00 | | |
| Armstrong, for Riggs........ ................................ ... ... | 7 00 | | |
| Coat to Riggs............ .................... .................... | 3 00·-$ | 27 46 | |
| Balance ..............................................  | | | 50 |
| 1865. To bill for work at fence, gates, &c............$ | 50 00 | | |
| 1868. To bill for work at house on creek............. | 50 00 | | |
| 1876. To bill for brick and whiting for home house | 7 35 — | 107 35 | |
| Balance due Riggs......... ...................................  | | | $107 85 |

The defendant excepted to the report, as follows: "The defendant excepts to the within report of commissioner Morris and the statement of accounts thereto appended. 1. Because the commissioner erred in finding the purchase money of the house and lot, item first in the account, to be $800.00; he ought from the evidence to have stated it $1,000.00, and to increase the next item of interest accordingly; and also excepts, because the question as to amount of purchase money was not submitted to him by the decree of submission. 2. Defendant excepts to the item of taxes, as being improperly allowed, amounting to $80.43. 3. He objects to store account item $312.29. 5. He excepts to the item allowed for repairing burnt house, as being entirely too large, and not warranted by evidence. 6. He objects to the item of $83.23 reported as paid to Joseph Alexander, for being erroneously allowed. J. D EWING, *for Defendant*."

The final decree was entered in the cause on the 9th day of January 1874, as follows: "This cause came on this day to be heard on the papers formerly read in this

cause, with the report of James D. Morris, a commissioner of this court with the exceptions thereto, and was argued by counsel; and the court, being of opinion that the exceptions to said report should be overruled, doth adjudge, order and decree, that said report be confirmed and that the plaintiff recover against the said defendant the sum of one hundred forty-six dollars and sixty-seven cents, with interest from the 7th day of January 1874, and the costs of his suit; and that the said defendant be and he is hereby required within ten days from the date of this decree to execute and deliver to said plaintiff a good and sufficient deed of general warranty for the house and lot, mentioned and described in the bill and proceedings in this cause."

There were a number of depositions returned with the commissioner's report, among them the deposition of the defendant Lockwood. From and to said decree the defendant obtained an appeal and *supersedeas*.

JOHNSON, JUDGE, delivered the opinion of the Court:

It is objected here that the record does not show, that the bill was filed at rules, or that any rules were ever taken in the cause; or that the bill was ever taken for confessed, either at rules, or declared to be taken for confessed in court; and that no answer was filed and no issue made in the cause; or that the defendant ever appeared in court, either in person or by counsel, in the cause. It is true that neither of the decrees entered therein show how the cause was matured for hearing. The better practice certainly is for the decree to show on its face, that the cause was regularly matured for hearing; but it is not error to enter a decree in the cause not showing this, if the cause was in fact matured for hearing. In *Quarrier* v. *Carter's Representatives*, 4 H & M. 242; it was held, that it was not necessary to state in a decree in chancery, that all the preliminary steps toward maturing the cause for hearing were taken, it being intended,

where the cause was set for hearing, that it was regular-ly done, unless the party attempting to impugn the decree show the contrary. Here the record does not show that the cause was set for hearing ; but it appears that the summons was issued returnable, to February rules 1871, was returned to said rules duly executed on the defendant ; and at said rules, the bill was filed, and that the first order, which was the one referring the cause to a commissioner, was entered on the first day of May 1871 ; and it further appears that the defendant ap-peared before the commissioner, and there had his own deposition taken in the cause, and afterwards, by counsel, appeared in court and excepted to the commissioner's re-port.   In *List* v. *Wheeling*, 7 W. Va. 518 ; Haymond, President, in delivering the opinion of the Court, said : "The summons in the cause seems to have been executed, and so returned to the clerk's office at March rules, when the bill was filed.   From the record there might be some question, as to whether this cause was so matured at its final hearing, as to authorize the final decree, if it were otherwise correct, or as to how it was heard ; but as the parties seem to desire a decision of the cause upon its merits, I will consider it as though it was heard upon the bill and exhibits, the answer and exhibits therewith filed and replication thereto, bill taken for confessed as to all the defendants who did not answer, and by con-sent.   This I think is authorized by the time at which the bill was filed, and the right of the court below, to correct the proceedings had at rules, in order to hear the same and make final decree therein."   It results from this, that in the absence of anything to the contrary appearing upon the record, it must be presumed that the cause was regularly matured for hearing when the decrees, or either of them, were entered ; and that when the first decree was rendered, referring the cause to a commissioner, that the bill had been regularly taken for confessed as to the defendant, Jonathan H. Lockwood.   If the bill had not then been confessed by the defendant, it would

have been manifestly improper to have ordered the reference, for the uniform doctrine of courts of equity is, that it is improper to order an account merely to afford a party an opportunity to establish the allegations of his bill. *Lee County Justices* v. *Fulkerton*, 21 Gratt. 182; *Tilden* v. *Maslin*, 5 W. Va. 377. It was proper for the court, in the decree referring the cause to a commissioner, to regard it as confessed by the defendant; that the contract was made, as alleged in the bill between the plaintiff and defendant, and that its terms were as therein stated, and to refer the cause as it did to a commissioner to "ascertain and report the amount paid by plaintiff on account of the purchase money of the house and lot in the bill mentioned." The commissioner was not directed to report anything as to the making of the contract, or its terms, and it was improper for him to make such inquiry, and all that portion of the report may be regarded as surplusage. The commissioner reported that the purchase money with interest of the house and lot had all been paid by the plaintiff to the defendant, and he had been over paid $107.85, which with interest thereon up to the date of the decree amounted to $146.67, for which a decree was given in favor of the plaintiff. It is insisted by the counsel for appellant in argument, that it was improper to render the personal decree for money; because no such relief was prayed for in the bill. There was a prayer for general relief; and under the facts and circumstances disclosed in the bill, the decree was proper if justified by the proof under that prayer. *Anderson* v. *DeSoer*, 6 Gratt. 363; *Hale* v. *Horne et al.*, 21 Gratt. 112; *Ballow* v. *Hudson*, 13 Gratt. 672. It is also argued that the bill is brought on a lost instrument, and there should have been an affidavit of its loss. That is only required in those casses where the loss of the instrument or a contract is what gives the court jurisdiction, here the jurisdiction is clear: *Hickman* v. *Painter*, 11 W. Va. 386.

The defendant excepted to the item of taxes in commissioner's report, amounting as the exception alleges

to $80.43. The only item, referring to any taxes, or amounting to that sum, is as follows: "February 1863, Cr. cash $60.00; Tax bill of 1861-2 $20.43–$80.43." It will be observed by reference to the commissioner's report in the statement of the case, that that item is a charge against the plaintiff, and not a credit allowed him. The next exception is to the store account of $312.29. This item we think well warranted by the proof, indeed according to the defendant's own testimony this same store account was presented to him, and he does not deny that it is correct. The exception as to the item for repairing the house was properly overruled, as the evidence was conflicting; and I think the evidence warranted the commissioner in his conclusion as to that item. The exception, as to the the $83.23, paid to Joseph Alexander, was also properly overruled; as the evidence, in my opinion, fully warrants that payment, as made pursuant to the request of the defendant. I think, the exceptions were all properly overruled, and the decree proper; it is therefore affirmed with costs and damages according to law; and this cause is remanded to the circuit court of Marshall county, with instructions to take proper steps, to secure the execution of the deed, which was decreed to be made, the time prescribed having elapsed for making the same.

JUDGES GREEN and HAYMOND concurred.

DECREE AFFIRMED.