# CHARLESTON.

Darnell *v.* Flynn *et al.*

Darnell *et al.* v. Musick *et al.*

Submitted February 23, 1910.   Decided April 11, 1911.

1. Appeal and Error—*Review—Presumptions—Process Served.*
   Where a decree declares that a case is heard upon process served, it will be taken for true that there was such process, and that it was served. (p. 148).

2. Infants—*Decree—Defects in Proceedings—Reversal.*
   The omission of a clerk to enter orders at rules showing the filing of a bill and setting the cause for hearing will not reverse decrees as to infants rendered upon their answer by guardian *ad litem.* (p. 148).

3. Same—*Decree—Notice to Sustain—Failure to Set for Hearing at Rules—Reversal.*
   Where a case is heard as to infants upon their answer by guardian *ad litem* a decree will not be set aside on the ground that the case was not set for hearing at rules. (p. 150).

4. Appeal and Error—*Grounds for Reversal—Failure to Place on Hearing Docket.*
   The omission of a case from the hearing docket of a chancery court will not reverse decrees in it. (p. 151).

5. Equity—*Pleading—"Filing of Bill."*
   Delivery of a bill in a chancery suit to the clerk in his office is a filing of the bill, though no endorsement on it of filing is made. (p. 149).

6. Taxation—*Sale for Taxes—Suit to Annul Tax Deed—Parties Entitled to Sue.*
   A person having no title to land or right to redeem cannot maintain a suit to annul a tax deed for it or to redeem it. (p. 152).

7. Same—*Sale for Taxes—Validity of Tax Deed.*
   That the sheriff's affidavit to a list of sales of land for taxes is not signed or sworn to will not invalidate a tax deed under a tax sale.  (p. 152).

Appeal from Circuit Court, Cabell County.

Consolidated bills by Viola Darnell against Amy Flynn and

others, and by Viola Darnell and others against E. E. Musick
and others. From the joint decree, Musick and others appeal.

*Reversed and Dismissed.*

*Marcum & Marcum, Edward C. Lyon,* and *Sheppard, Goody-koontz & Scherr,* for appellants.

*J. S. Miller,* for appellees.

BRANNON, JUDGE:

Francisco died leaving Amy, his widow, who later married
Flynn, and two infant children, Viola, who married Darnell, and
Maggie, who married McTuree. At his death Francisco owned
a tract of 150 acres of land. He was indebted to McCoy, and
McCoy brought a chancery suit against Francisco's estate to
subject the land to the payment of McCoy's debt, and decrees
were rendered therein subjecting the land to sale to pay the debt,
and confirming the sale, and directing a deed to be made to
Musick, the purchaser under the judicial sale, and the deed was
made by a commissioner under decree to Musick. Over six years
after the last decree and deed, Viola Darnell brought a chancery
suit against Musick and others claiming the land under him, hav-
ing for its object the setting aside of all the decrees in said McCoy
case, and the deed made to Musick under them, and this suit
resulted in a decree setting aside and declaring void all the de-
crees in the McCoy case and the deed of the commissioner.

The said land having been returned delinquent for non-pay-
ment of taxes for the years 1895 and 1896 was sold therefor in
December, 1897, and purchased by Varney who received a tax
deed therefor. In 1906 Viola Darnell and Maggie McTuree
brought a suit to set aside the tax sale and deed for defect in
the proceedings under which the same were made. This case
was heard along with the case above mentioned of Darnell
against Amy Flynn, Musick and others, and a joint decree
rendered therein, holding the tax deed valid, but allowing Viola
Darnell and Maggie McTuree to redeem the land from the tax
sale. E. Musick and others interested in the land appeal from
this decree.

We first deal with the case of Darnell against Flynn and
Musick brought to annul the decrees in the McCoy case. It is

claimed that the decrees therein are utterly void. One reason pointed out for this contention is that there was no summons issued in the McCoy case and therefore no suit. We do not find this to be so. That summons is not found in the papers; but the clerk, speaking from the chancery process book, and from memory, swears that a summons in chancery was issued in the case December 31, 1892. Further, there was found among the papers of the sheriff an official copy of this summons and it was proven by two deputy sheriffs that that summons was served by the deputy sheriff on Amy Flynn and Viola and Maggie Francisco. The copy of the summons is filed in the case and is identified by evidence. Further still on this point of the want of a summons to commence the suit we have a decree which declares that it appeared to the court that process had been duly executed upon all the home defendants, and we have other decrees treating the case as a case and proceeding upon that assumption. Can we say, under these circumstances, that there was no process to commence the suit? Can we say that the judge solemnly proceeds in the case by numerous decrees without looking to whether he had a suit before him?

Another ground of attack upon the decrees is that there was no bill in the case. We have the bill before us in the file of papers perfectly identified as the genuine original bill. It is not denied that this is the bill, but it is said that no rules were endorsed on it, and that there were no rules entered in the rule book or any other order showing that the bill was filed and no order setting the case for hearing, and the case was not properly on the court docket. In answer to this contention we find a decree stating that the process had been duly executed on all the home defendants, and order of publication duly published and posted as to non-residents, and "the cause having been regularly matured and set for hearing at rules in the clerk's office of this county, and this cause now coming on this day to be heard upon the plaintiff's bill and exhibits therewith filed." Here we have a declaration and adjudication by the court that the bill was present, and that the case had been regularly brought on by proceedings at rules. We have another decree allowing the bill to be amended. We have still another decree saying that "this cause came on this day to be heard upon the plaintiff's

bill" and the case was heard on both those hearings and decrees made therein. Do we need authority to show that when a court declares such facts by adjudication they are to be held as true in the absence of fraud? In *Scott* v. *Luddington,* 14 W. Va. 392, it is held that when a decree finds that an order of publication was duly executed it is taken for true in an appellate court. The same principles in *Moore* v. *Holt,* 10 Grat. 284, and *Riggs* v. *Lockwood,* 12 W. Va. 133. Furthermore, this bill was presented with the original file of papers and identified as the true bill by the present clerk, as an original paper and by the clerk in office at the time the bill was filed, and by the attorney who prosecuted the McCoy suit. It does seem to be asking a stretch of power to ask, under such circumstances, that the court, after six years, be called upon to say that there was no suit at all in court. But it may be that we are too broad in saying that counsel alleges that there was no bill, as he means only to say that there is no bill because not so endorsed and not entered in the rule book. But the court treated the case as matured at rules, and as a pending suit, and a bill as present, which was so in fact. Now, it cannot be that endorsements on the back of a bill, which are mere memoranda, are essential to show it to be a bill. I do not see that they have any legal force except for identification. The counsel relies with stress upon the fact that no rules were taken up and the case not set for hearing.

The court treated it otherwise. In the first place, that bill was delivered to the clerk, and that is all that is required of the plaintiff. "A paper is said to be filed when it is delivered to the proper officer and by him received to be kept on file." Bouvier's Law Dictionary, 782; 3 Words and Phrases, 2764; *Beebe* v. *Morrell,* 15 Am. St. R. 288, and note. The cases of *Beverly* v. *Ellis,* 1 Rand. 102, and *Horsley* v. *Garth,* 2 Grat. 472, are here apt authority. The taking of the rules is purely a ministerial, not a judicial act. The omission to enter them cannot overturn proceedings. In *Shelton* v. *Welch,* 7 Leigh 175, it was held that a failure at rules to enter an inquiry of damages was a clerical error. In *Southern Express Co.* v. *Jacob,* 63 S. E· 17, it is held by the Virginia court that "where plaintiff has done all that was required to entitle him to his office judgment, he could not be prejudiced by the failure of the clerk to enter the

rules properly." See for the same principle *Diggs* v. *Dunn,* 1 Munf. 56, and *Shadrack* v. *Woolfolk,* 32 Grat. 715.

In connection with this point that no rules were taken up I have to say that the claim is that Amy Francisco, widow, and Viola and Maggie Francisco, infants, were not served with process in the McCoy case. As to Amy Francisco it is clearly proven that she was served with the summons, though she swears she was not, and the decree says that all the home defendants were served, and she and the infants were home defendants. The argument is that the case was not set for hearing at rules, and an opinion drawn by me is cited from *Galletin* v. *Davis,* 44 W. Va. 117, taking the position that it is error to decree where a case was not set for hearing at rules. That was not an actual decision of the Court. Probably it is correct in the case of an adult. It may be that he could say that where the case was heard without being set for hearing at rules it was a surprise upon him to hear the case without his appearance. But as to Amy Francisco she had no estate in this land. A widow has no vested estate until dower assigned. "Upon the husband's death, the dower right of the wife loses its contingent character, and becomes 'consummate', as it is called. It is not, however, yet an estate, but is merely a right in action until the land in which the widow is to hold her dower is set off to her, this being termed the 'assignment of dower'." 1 Tiffany Mod. R. Prop., § 198. See many authorities for this cited in *George* v. *Hess,* 48 W. Va. bottom p. 535. Having no vested estate her land is not taken by this decree. Moreover, the decree of the court declares that the case had been regularly matured and set for hearing at rules. The court must have so found upon evidence before it, and we cannot say that that judicial ascertainment is false. And moreover, still, that decree does not bar the right of dower, the only right in Amy Francisco, unless she is barred by the statute of limitations. So, this point as to Amy Francisco is unsubstantial and not cause for annulling the decrees. And as to those infants, Viola and Maggie Francisco, a guardian *ad litem* was assigned for them, and he filed an answer for them, as shown by the record, and that answer is filed as an exhibit in this case, and identified as a true answer, and the decree of sale recites that the case was heard upon the answer filed by

the guardian *ad litem.* Now, it is not necessary to serve process upon infants. And here the infants appeared in the only way in which they could appear, and even if in the case of adults it would be error to hear the case without an order at rules setting the case for hearing, it would not be so in the case of infants, because they can only appear by guardian *ad litem,* and the court protects their interests. Judge ROBINSON's opinion in *McDermitt* v. *Newman,* 64 W. Va. 99, supports this view.

It is objected that the case was not on the hearing docket. That will not invalidate the decrees. A hearing docket is merely a convenience for the court in the disposition of its business and to fix the order of cases as between themselves, and is no part of the record of the case.

As to the objection that the widow's dower was not assigned. She did not ask it although served with process, and it is proven that she knew of and talked about the suit, and had a witness summoned in the suit. She did not ask her dower. Moreover, all appeal by her for this cause had been barred when this suit was brought. She cannot say the decree is void, even if it was erroneous in this respect. But she did not bring this suit. She is a defendant therein, and filed no answer or claim, and how can Viola Darnell avail herself of any error committed prejudicial to her mother? She cannot say the case is void as to her on any such account. Another objection is that the land is not sufficiently described in the commissioner's deed. We think it is from the whole record; but this is a suit to set aside the decree as void and we cannot see that the mere description of the land enters into this question. Here is a proposition to annul decree after decree after the lapse of nearly seven years, and to deny the finding and the declarations of the decree as to the presence of process, bill, answer, and setting for hearing. It is hardly necessary to summon that line of cases, some of which have been given above, that every presumption exists in favor of judgments of courts of general jurisdiction, and that they are presumed to be correct, and such presumption prevails unless want of authority appears on the face of the record, and the burden of showing want of service of the process rests upon the party who asserts. *Hill* v. *Woodward,* 78 Va. 765; *Ferguson* v. *Teel,* 82 *Id.* 690. Indeed, we cannot deny the findings and

declarations of decrees in such matters in the absence of fraud. The record speaks verity in these matters, and we decline to overturn the proceedings in the McCoy case and destroy the rights of people under a decree for a just debt. After courts of general jurisdiction have acted some stability and verity must be attributed to their actions. So, we find that these decrees are neither void nor subject to reversible error, but they are efficient to vest in Musick and those defendants claiming under him valid title. If the decrees were subject to reversal for error the infants could effect them; but there is no reversible error in the decrees.

Having found the decrees in the McCoy case effectual to vest title in the purchasers under the judicial sale it becomes wholly unnecessary to discuss the case of Viola Darnell and Maggie McTuree against Musick to set aside the tax sale, because the parties in it having no title cannot affect that tax sale even if it were voidable. *Despard* v. *Pearcy,* 65 W. Va. 140. But if this were not so, I remark that that tax title cannot be set aside. The only ground for setting it aside is that the sale list was not returned in time and the affidavit to it is not signed or sworn to by the sheriff. This will not overthrow the deed. *Wilkinson* v. *Linkous,* 64 W. Va. 205; *Fleming* v. *Charnock,* 66 *Id.* 50. Failure to return the list in time matters not now, having been cured by statute. *Wellman* v. *Hogue,* 66 W. Va. 234; *Hogan* v. *Piggott,* 60 *Id.* 543.

Our decree is to reverse the decree of the circuit court and dismiss both bills.

*Reversed and Dismissed.*