# CHARLESTON.

PANSY MAY WILLIAMS *v.* JEAN A. MONICO.

(No. 5685.)

Submitted March 24, 1926.   Decided March 30, 1926.

JUDGMENT—*Final Decree, Finding That Process Had Been Served by Order of Publication on Affidavit of Nonresidence, Regularly Filed, Cannot be Collaterally Attacked by Showing That File Contains No Such Affidavit.*

A final decree finding that process had been served by order of publication upon an affidavit of nonresidence of the defendant, regularly filed, cannot be collaterally attacked by showing at a subsequent date that the file of papers in the cause contains an affidavit of "due diligence" but none of "nonresidence." In such case it will be presumed that the finding was predicated upon proper affidavit of nonresidence before the court at the time.

HATCHER, WOODS, JUDGES, absent.

(Judgments, 34 C. J. § 848.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original habeas corpus proceedings by Pansy May Williams against Jean A. Monico to obtain custody of their infant daughter, Jeanette Monico.

*Writ awarded.*

*Ashton File* and *L. L. Scherer,* for petitioner.
*C. M. Ward* and *Carl C. Sanders,* for respondent.

LITZ, PRESIDENT:

The petitioner, Pansy May Williams, seeks by writ of habeas corpus to obtain from the respondent Jean A. Monico the custody of their infant daughter, Jeanette Monico.

October 29, 1917, in Raleigh county, the petitioner, Pansy May Williams (nee Lowe) and the respondent, Jean A. Monico, united in marriage, and thereafter lived and cohabited with each other in said county until the fall of 1922, and then separated. The infant Jeanette Monico, born in September, 1918, is the only offspring of the marriage. After several unsuccessful efforts of the parties to effect a reconciliation, the petitioner instituted suit in the circuit court of Raleigh county, June 21, 1923, for divorce and custody of the infant child, which was then in the possession of the father.

Process was served upon the respondent, as a non-resident of the State, by order of publication awarded at July rules, 1923, reciting the filing of an affidavit of his non-residence. The bill, charging him with adultery as ground of divorce, was filed at July rules, 1923. September 27, 1923, an order was entered on her petition, filed in the cause, awarding to the petitioner, pending determination of the suit, the custody and control of the infant child. The divorce commissioner of said court filed his report October 12, 1923, showing that the ground of divorce had been established by "a number of witnesses other than plaintiff" and recommending: (1) that the divorce be granted; (2) that petitioner be given the care, custody and education of the infant child; (3) that the respondent be prohibited from entering into the bonds of matrimony with any one other than petitioner for a period of five

years; and (4) that the petitioner be given alimony in such sum as the court may think proper under the circumstances surrounding the case.

October 13, 1923, the cause was heard:

"Upon an order of publication, regularly issued from the Clerk's Office of this court, upon an affidavit of non-residence of the defendant, regularly filed, which order of publication was published as required by law, the last publication of which was more than thirty (30) days before the first day of this term of court; upon the plaintiff's bill, regularly filed at rules, the decree nisi entered thereon, and the case set for hearing at this term of court; upon the depositions of the plaintiff, taken upon due notice to the defendant, and regularly filed herein; upon the report of the Divorce Commissioner of this court; and upon argument on behalf of the plaintiff.

"Upon consideration of all of which, the court is of opinion that the plaintiff is entitled to the relief prayed for in her said bill. It is, therefore, adjudged, ordered, and decreed that the marriage heretofore celebrated between the plaintiff, Pansy May Monico, and the defendant, Jean A. Monico, be, and it is hereby dissolved, and the plaintiff, Pansy May Monico, and the defendant, Jean A. Monico, be, and they are hereby divorced from each other from the bonds of matrimony, that the plaintiff's maiden name, Pansy May Lowe, be restored to her.

"And it further appearing to the court that there is born issue of said marriage, an infant child, Jeannette Monico, and that the mother of said child, Pansy May Monico, is a suitable custodian for said child, it is further adjudged, ordered, and decreed that the care, custody, and education of said child be, and it is hereby awarded to the said Pansy May Monico, and that the defendant, Jean A. Monico, be, and he is hereby inhibited and restrained from seizing and taking said child from said plaintiff, or from entering upon the premises of the plaintiff, or

where the said child may be kept by her, except for visits to the said child at reasonable times, and with the consent of the said plaintiff, Pansy May Monico.

"It is further adjudged, ordered, and decreed that the plaintiff be inhibited from remarrying except to the defendant, for a period of six months, and that the defendant be inhibited from remarrying except to the plaintiff, for a period of five years."

The child remained in the custody of the mother from about the time of the decree of September 27, 1923, until October 31st of that year, when the father, without her consent or knowledge, took it to the home of his parents, Hicksville, Nassau County, New York, and they in turn, December 1, 1924, placed it in a convent known as the "Star of the Sea", situated at Far Rockaway, Queens County, New York, where apparently it has remained until brought here several days ago in compliance with the alternative writ in this case.

The respondent challenges the validity of the decree of October 13, 1923, granting the divorce and custody of the infant to petitioner, on the ground that an affidavit of non-residence upon which the order of publication is based was not in fact filed; and questions the fitness of petitioner as a proper person to have the care, control and custody of the child. An affidavit reciting that due diligence had been exercised, without avail, to ascertain the whereabouts of the defendant, but none stating that the defendant was a non-resident, is found in the file of the proceeding. It is argued that the presence of the "due diligence" affidavit is sufficient evidence that an affidavit of "non-residence" had not been filed, notwithstanding the recital in the order of publication and the specific finding of the court to that effect.

It may be true that a finding by the court that notice has been given is at best but prima facie evidence of the fact. If, therefore, an attempt at notice appears in the record, the finding, *if a general one,* refers to and is limited by such attempted notice, and if that be fatally defective there is no

presumption of notice in any other or better way. *Town of Point Pleasant* v. *Greenlee,* 63 W. Va. 207, 60 S. E. 601, 129 A. S. R. 971, 15 L. R. A. 1014, 15 Ann. Cas. 935; *Settlemeir* v. *Sullivan,* 97 U. S. 444; *Cheely* v. *Clayton,* 110 U. S. 701; *Galpin* v. *Page,* 18 Wall. 366.

"The recitals or findings of jurisdiction may affirm, in general terms, the service, or due service, of process, without indicating that the attention of the court has been especially called to the kind of service made, or that it has probably based its findings upon other evidence than that disclosed by the record. In such case it is not reasonable that the general statement should prevail over the evidence contained in the record. It should rather be construed as referring to and founded upon it; and if a service shown by it is not such as will support the judgment, it should be treated as void, notwithstanding the general statements in the judgment that process has been duly served." Freeman on Judgments, 5th ed., Sec. 381.

In the case of *Settlemeir* v. *Sullivan, cited,* a judgment entered by default against a defendant in a State court upon substituted process recited that "although duly served with process he did not come but made default". The only process appearing in the record purporting to have been served upon his wife, was fatally defective. In holding that the presumption in favor of the judgment was overcome by the defective process, the court stated: "The record from the State court showed service upon the wife of defendant in that case, and not upon defendant; and *in the absence of any finding of the court that other process was made, or the finding of a fact from which the service must necessarily be inferred,* none will be presumed".

The specific finding of the court in this case that process had been served by order of publication "upon an affidavit of non-residence of the defendant, regularly filed", is not inconsistent with the presence of the affidavit of "due diligence" in the file of the proceeding; and is therefore presumed to have been predicated upon proper affidavit of non-residence when brought in question by collateral attack. "Where the decree declares that the case is heard upon

process served, it will be taken for true that there was such process and that it was served." *Darnell* v. *Flynn*, 69 W. Va. 146.

The respondent files several affidavits attacking the reputation of petitioner in Raleigh county for chastity. The petitioner, on the other hand, presents the affidavits of numerous prominent and representative citizens of Bluefield, where she has lived for the past two years, establishing for her a good reputation for virtue and chastity in that community. December 27, 1924, she remarried to one John R. Williams, who is shown to be industrious, upright, and of good moral standing. He holds a responsible position, earning from $250 to $300 per month.

Notwithstanding the decree in the divorce case, of which he admits knowledge immediately after its entry, the respondent made no attempt in any way to have it modified, but wholly disregarding the same, surreptitiously took the child from the custody of the mother to a foreign State, where it has remained, as already stated, until he was compelled to produce it at this hearing.

Upon the issue as to which of the two is more fit for the trust, there stands on the one hand an adjudication against the father which he has not sought to controvert except by mere affidavits in this case that he has a good reputation for morality; while on the other hand there is the uncontradicted evidence that the mother has borne an excellent reputation for the last two years, regardless of what may have been her previous reputation. She is happily married to her present husband, who is willing and able properly to care for her and the child. The respondent does not propose to keep the child with him but apparently intends, if its custody be denied the mother, to return it to the convent in New York State, where she would probably be unable to see it except at great expense and inconvenience.

After due consideration we are of opinion to award the writ.

*Writ awarded.*