# CHARLESTON.

FOREST GLEN LAND COMPANY *v.* WILLIAM T. GEORGE

Submitted April 1, 1924.    Decided April 8, 1924.

1. JUDGMENT.—*Order Setting Aside Former Order Setting Aside Office Judgment, on Ground That Statutory Counter Affidavit Not Filed, Held Erroneous.*

   In an action of debt on a foreign judgment the declaration is accompanied by an affidavit of the amount which plaintiff is entitled to recover on the demand stated in the declaration as provided in sec. 46, chap. 125, Code; at the following term after office judgment defendant tendered and filed a plea of *nul tiel record*, duly verified, and an order was entered reciting the tendering of defendant's plea, "and his affidavit therewith" and filing the plea and affidavit, and setting aside the office judgment; a year later, on motion of plaintiff, the order was set aside, the plea rejected and judgment for plaintiff rendered on the ground that there had been no counter affidavit filed by defendant as provided for by sec. 46, chap. 125, Code, although there was such affidavit found in the file, sworn to before the clerk prior to the entry of the order but not endorsed as filed by him, which affidavit the court treated as a stray paper. It was error to set aside the former order and render judgment on this state of the record. (p. 211).

2. EVIDENCE.—*Regularity and Validity of Proceedings of Court of Record Presumed, and Burden on Party Asserting Irregularity.*

   A presumption of regularity and validity attaches to the proceedings of record made by a court of record, and the burden of overcoming that presumption is on him who asserts the irregularity or invalidity. (p. 212).

Error to Circuit Court, Barbour County.

Action by the Forest Glen Land Company against William T. George. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*George & Wilcox,* for plaintiff in error.
*Samuel V. Woods,* for defendant in error.

LIVELY, JUDGE:

This writ of error is to a judgment rendered by the circuit court on October 17, 1922, for the sum of $32,950.20, in favor of the Forest Glen Land Company, a corporation, against William T. George, the basis of which is a judgment rendered by the supreme court of the District of Columbia on the 14th day of January, 1921.

Service of process, returnable to September rules, 1921, was served on defendant on the 24th day of August, 1921. The declaration was filed at the following September rules, to which was attached an affidavit stating the amount due from plaintiff to defendant after deducting all payments, credits and sets off made by him or to which he was entitled, as provided by section 46, chap. 125, Code. At the following October term defendant tendered a plea of *nul tiel record* and the following order was made: "This day came the defendant William T. George in the above styled case and tendered his plea of *nul tiel record* herein and his affidavit therewith, which plea and affidavit are now here filed and office judgment in said case is hereby set aside." It appears that nothing further was done until October, 1922, when plaintiff moved the court to reject defendant's plea of *nul tiel record* tendered and filed on the 25th of October, 1921, and his affidavit therewith and set aside the order filing the same, which vacated and set aside the office judgment; because the plea did not have filed therewith defendant's counter affidavit in accordance with section 46 of chapter 125, Code, stating that nothing was due on plaintiff's demand or stating a sum certain less than that claimed by plaintiff. The court sustained plaintiff's motion, set aside his former order, rejected the plea, and rendered the judgment complained of. It appears from the bill of exceptions that among the papers on a separate sheet was an affidavit duly sworn to by defendant George on the 17th of October, 1921, in which he says, "There is not, as he verily believes, any sum due from him, the said defendant, to the said plaintiff upon the demand stated in said plaintiff's declaration." There was no endorsement upon this affidavit by the clerk to the effect that it had been filed; and the court treated

this counter affidavit as a stray paper, and as one that had never been filed, in setting aside the former order and entering the judgment. Defendant asserts that the court was in error in holding that his counter affidavit as required by sec. 46, chap. 125 Code, found in the papers in the case, was a stray paper and had never been filed, and that it was error to set aside the former order filing the plea of *nul tiel record* and in entering the judgment. Plaintiff says the failure of the defendant to file the counter affidavit made its office judgment final at the end of the October, 1921, term of the court; thus the point of error is sharply drawn.

Was the court justified in treating defendant's affidavit made before the clerk on the 17th of October, 1921, as a stray paper? To what "affidavit" filed with the plea does the order of October 25th above set out refer? The plea of *nul tiel record* is verified by defendant George by an affidavit attached thereto which says the matters contained in the plea are true except so far as stated upon information and belief and so far as stated upon information he believes the same to be true. Evidently the court construed its order to refer to this verification of the plea instead of to the counter affidavit found among the papers. Plaintiff argues that it was the duty of defendant to file his counter affidavit and to see that the same was filed either by a proper order or by endorsement thereon by the clerk; and having neglected to do so for more than a year after the office judgment was confirmed, the action of the court in setting aside its former order and rendering judgment was clearly right. It may be readily conceded that it is the duty of defendant to file a counter affidavit and if he does not do so and plead before the expiration of the succeeding term after the office judgment is rendered his right of defense is lost. *Marstiller v. Ward*, 52 W. Va. 74. But the question involved here is whether defendant has actually filed his counter affidavit. If he had done so the entry of the judgment complained of is clearly wrong. By reference to section 46 of chapter 125, Code, it will be seen that the court cannot permit a defendant to file any plea or defense to an action of the character therein referred to, unless and until the defendant files his counter affidavit stating

that there is nothing due on the demands stated in plaintiff's declaration or a sum certain less than that amount. The verification to the plea, not necessary, of course would not justify the court in setting aside the office judgment. There must have been before the court a counter affidavit. On no other assumption could the office judgment have been set aside. No other assumption would warrant the entry of the order of October 25, 1921. The order itself indicates that an affidavit was filed with the plea; and this follows the language of said section 46 of chapter 125 which says that "defendant shall file with the plea his affidavit that there is not as he verily believes" etc. It would be unusual to describe a plea as being sustained by an affidavit. The usual description of such plea is that it is "duly verified." We think it may be reasonably concluded that the affidavit referred to in the order is not the verification plea but the counter affidavit which is described in the bill of exceptions as a stray paper. Had the clerk endorsed upon the counter affidavit that it was filed (and it was executed before him prior to the date of the order) there could be very little question that the order referred to the counter affidavit so endorsed by the clerk. The failure of the clerk to do so, is not sufficient to defeat the force and effect of the affidavit if we find from the order that it was in fact filed. It would not be imperative for the clerk to make the endorsement if in fact the paper was filed, unless it was filed at rules. The memoranda by the clerk would simply be identification of the paper filed by the order. It is reasonably well settled that the presumption of regularity is in favor of a proceeding in a court, and this presumption extends to every step and part thereof, and the burden is on him who alleges irregularity to show affirmatively that irregularity exists. *Shrewsbury v. Miller,* 10 W. Va. 115; *Griffith v. Corrothers.* 42 W. Va. 59; *Lumber Co. v. Brooks,* 46 W. Va. 732; *Dove v. Commonwealth,* 82 Va. 301. Under section 46 of chapter 125, Code, no plea can be received or filed until the counter affidavit of defendant therein set out is filed. The court having received the plea of *nul tiel record* and set aside the office judgment the presumption would be that a proper affidavit had been filed by defendant; and it is incumbent

upon plaintiff to show affirmatively that the counter affidavit was not filed in order to overcome this presumption.

It is true, as argued by plaintiffs counsel, that a substantial right has been taken from plaintiff by the order of October 25, 1921, permitting the plea to be filed, assuming that he is correct in the proposition that no counter affidavit was then tendered and filed. On the other hand, a substantial right, the right of defense to the action, has been taken from defendant if in fact he tendered and filed his counter affidavit at the October term, 1921. On the one hand plaintiff would not be deprived of its right to recover if it has a valid judgment; it would be delayed only in the enforcement of that right; on the other hand defendant would be forever deprived of his defense. Plaintiff evidently considered the counter affidavit as having been tendered and filed, because it made no objection to the order setting aside its office judgment and interposed no objection to the plea until after a year had expired.

We are of the opinion that the court erred in concluding that the counter affidavit found with the papers was a stray paper and that its former order of October 25, 1921, did not file this counter affidavit. The judgment will be reversed and the case remanded.

*Reversed and remanded.*