273 F.2d 22
 Robert BREST, Administrator of the Estate of Vincent Griscavage, Deceased, Appellant,
v.
PHILADELPHIA TRANSPORTATION COMPANY (Defendant and Third-Party Plaintiff),
Lemuel B. Gallagher, Third-Party Defendant.
Coleman F. MILLER, Administrator of the Estate of William Heffernan, Deceased, Appellant,
v.
PHILADELPHIA TRANSPORTATION COMPANY (Defendant and Third-Party Plaintiff),
Lemuel B. Gallagher, Third-Party Defendant.
 No. 12961.
 No. 12962.
 United States Court of Appeals Third Circuit.
 Argued November 6, 1959.
 Decided December 22, 1959.
 
 Robert M. Bernstein, Philadelphia, Pa. (Bernstein & Bernstein, Philadelphia, Pa., on the brief), for appellants.
 H. Francis DeLone, Philadelphia, Pa. (Matthew J. Broderick, Philadelphia, Pa., on the brief), for Philadelphia Transportation Co.
 Before BIGGS, Chief Judge, and GOODRICH and McLAUGHLIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 We cannot reach the merits of these appeals on the instant record. The record in each case shows that motions for new trials were filed in both cases but they are not shown to have been served.
 
 
 2
 In No. 21,215 in the court below, No. 12,961 in this court, a judgment was entered on October 24, 1958, in favor of the Philadelphia Transportation Company, the original defendant and third-party plaintiff, and against it as a third-party plaintiff. The plaintiff-appellant, Brest, filed a motion for a new trial on October 29, 1958, within the time prescribed by Rule 59, Fed.R.Civil Proc., 28 U.S.C. The record is devoid of any showing of service of this motion as required by Rules 5 and 59. On November 26, 1958, Brest filed "Additional Reasons for a New Trial", as an alternative motion under Rule 60, asking to be relieved of his failure to include in his original motion for a new trial certain grounds germane to his appeal. The record also fails to show service of this motion as required by the rules.
 
 
 3
 What has been said in respect to the motions in the case in which Brest is the plaintiff-appellant is equally applicable to substantially similar motions made in Civil Action No. 21,503 in the court below, No. 12,962 in this court, where Miller is the plaintiff-appellant.
 
 
 4
 The court below denied all the motions referred to and appeals were taken to this court. These appeals are timely if the motions for new trials were served as required by the rules. See 28 U.S.C. § 1291. The point we raise sua sponte is that unless service was made as prescribed by the rules, the notices of appeals were not filed within the appeal period prescribed by Rule 73(a). This court would then be without jurisdiction to adjudicate the appeals and they would have to be dismissed.
 
 
 5
 We point out to counsel the necessity for adhering strictly to the provisions of the Federal Rules of Civil Procedure and we emphasize that the service of motions within the times prescribed must appear from the record on appeal. Recent instances coming to our attention show laxity in this regard.
 
 
 6
 In the instant cases it has been suggested by counsel for the plaintiffs that service of motions was made as required by the rules but this suggestion is not part of the records. We think it fair to inform counsel that service of motions as required by the rules must be demonstrable from the record on appeal and if such is not the case an appeal hereafter will be dismissed for want of jurisdiction. We will, however, retain the instant appeals and will authorize the plaintiffs to make proof of the service of the motions a matter of record in the court below within thirty days of the date of this opinion. Otherwise appropriate orders will be made by this court. The Clerk of the District Court shall certify the additional records to this court in the usual manner.