Donald C. SUTHERLAND, Appellant,

v.

Thomas J. FITZGERALD, Trustee of the Estate of Western Engineering Company, Bankrupt, Appellee.

No. 6672.

United States Court of Appeals
Tenth Circuit.

May 31, 1961.

Frank P. Lynch, Jr., Denver, Colo., for appellant.

John W. Low, Denver, Colo., for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

MURRAH, Chief Judge.

This is a motion to dismiss defendant-appellant's appeal for lack of jurisdiction due to untimely notice of appeal.

The uncontroverted facts are that following the trial court's judgment for plaintiff, the defendant filed, but did not serve, a motion for new trial. And, timely filing and service are both prerequisite to an effective motion for new trial. See Rule 59(b) and Rule 5 F.R. Civ.P., 28 U.S.C.A.; Brest v. Philadelphia Transportation Co., 3 Cir., 273 F.2d 22; United States v. Caruso, 3 Cir., 272 F.2d 799; Steward v. Atlantic Refining

Co., 3 Cir., 235 F.2d 570; 3 Barron & Holtzoff § 1306, p. 381. The filing of the motion did not therefore toll the running of the statutorily jurisdictional 30-day period for taking an appeal. See Rule 73(a) F.R.Civ.P.; Wagoner et al. v. Fairview Consolidated School District et al., 10 Cir., 289 F.2d 480; Raughley v. Pennsylvania R. Co., 3 Cir., 230 F.2d 387. More than 30 days after entry of the judgment, defendant moved under Rule 60(b) F.R.Civ.P. for relief, alleging that the motion for new trial was not served because of excusable neglect, and prayed that such motion be considered under Rule 60.

The trial court found that defendant's failure to serve the motion for new trial was due to excusable neglect, but refused to grant relief on the grounds that it was without merit. Defendant then filed his notice of appeal from the original judgment and from the order denying relief. It is his contention that even though more than 30 days had expired since entry of the judgment, the motion under Rule 60 served to effectuate the motion for new trial and thereby extend the time for taking an appeal.

Rule 60 vests the court with broad equitable powers to grant relief from a final judgment or order, i. e., see Oliver v. City of Shattuck, 10 Cir., 157 F.2d 150, including a new trial. See Tarkington v. United States Lines Co., 2 Cir., 222 F.2d 358. But it does not authorize the court to vitalize a defective motion for new trial so as to extend the statutory time for taking an appeal. For a 60(b) motion "does not affect the finality of a judgment or suspend its operation" unless of course relief is granted. Rule 60(b) F.R.Civ.P. See also Markert v. Swift & Co., 2 Cir., 173 F.2d 517; Raughley v. Pennsylvania R. Co., supra; 7 Moore § 60.29; 3 Barron & Holtzoff § 1332; Advisory Committee Notes, 3A Barron & Holtzoff, pp. 487–488. In the event relief is granted, the time for taking an appeal becomes moot.

No appeal lies therefore from the original judgment—the only appeal is from the order denying relief from it. See Saenz v. Kenedy, 5 Cir., 178 F.2d 417. The motion to dismiss the appeal from the original final judgment is therefore granted and the appeal with respect thereto is dismissed. Since appellant asserts none of the grounds enumerated under Rule 60(b) for relief from the original judgment, the order denying relief therefrom is affirmed.