DENNIS BOGGS

*v.*

WILLIAM O. SETTLE, JR., *et al.*

(No. 12329)

Submitted February 16, 1965.

Submitted Rehearing September 29, 1965.

Decided November 23, 1965.

BROWNING, PRESIDENT, dissenting.

*Steptoe & Johnson, Edward W. Eardley, Carl F. Stuckey, Simpson & Baughan, Spencer P. Simpson, Kay, Casto & Chaney, Edward H. Tiley, Hoyt N. Wheeler,* for appellants.

*Larry W. Andrews, Rudolph L. DiTrapano, William E. Hamb,* for appellee.

CALHOUN, JUDGE:

This case is before the Court on appeal from an order entered on January 8, 1964, by the Circuit Court of Kanawha County, sitting as an intermediate appellate court, by which order the circuit court refused to grant an appeal from a final judgment of the Court of Common Pleas of Kanawha County embodied in an order entered on August 27, 1963.

The appeal was refused by the circuit court on the ground that the judgment appealed from was plainly right. In so doing, the circuit court held that the court of common pleas correctly and properly held that it had no jurisdiction to consider a motion to set aside a verdict and judgment in favor of the plaintiff and to grant the defendants a new trial, because of the failure of the defendants to comply with the provisions of R. C. P. 59 (b).

On June 19, 1962, the plaintiff, Dennis Boggs, sustained a personal injury resulting from the falling of a large piece of slate from the roof of the coal mine in which he was then employed. He was transported in a coal car from the place where the accident occurred to the mouth or entrance of the mine. He was then placed in an ambulance to be transported to a hospital in Charleston. The ambulance was owned by defendants Joseph W. Knight and William Ray Young, who were doing business under the name of Knight and Young Funeral Home. While the ambulance was being driven by defendant William O. Settle, Jr., on U. S. Route 119 in Kanawha County, it became involved in a collision with a dump truck owned by defendant Charles O. Moles while it was being driven by his son, the defendant Charles David Moles.

The collision was quite violent and resulted in severe personal injuries to the plaintiff. Though there was some question at the trial concerning the nature and extent of the injury suffered by the plaintiff in the mine, it is clear from the evidence that the injury sustained in the mine was relatively minor in nature and in the degree of its seriousness when considered in relation to the injuries sustained by the plaintiff in the collision of the two motor vehicles.

An action was instituted by Dennis Boggs in the court of common pleas against William O. Settle, Jr., Joseph W. Knight and William Ray Young, doing business as Knight and Young Funeral Home, Charles David Moles and Charles O. Moles, by which action the plaintiff sought to recover damages in the sum of $250,000 from the defendants for the personal injuries sustained by the plaintiff as a result of the collision of the two motor vehicles. In the trial of the action, the jury returned a verdict on January 10, 1963, in favor of the plaintiff in the sum of $100,000 against all of the defendants and, on January 11, 1963, judgment was entered on the verdict.

By an order entered in the court of common pleas on January 18, 1963, the defendants filed and made a part of the record their joint and several motion to set aside the verdict of the jury and the judgment entered thereon and to grant the defendants a new trial. The court of common pleas, by order entered on August 27, 1963, refused to consider the motion on the ground that it had lost jurisdiction to do so for reasons set forth in the court's written opinion dated August 3, 1963, which opinion was, by the court order, made a part of the record. The Court is authorized to consider the opinion in these circumstances in order to determine the reason assigned by the court for its action in refusing to consider the motion. *Rollins* v. *Daraban*, 145 W. Va. 178, pt. 2 syl., 113 S. E. 2d 369. The brief written opinion of the trial court states that "the Court is of the opinion that defendants failed to comply with the provisions of Rule 59 (b) of the Rules of Civil Procedure, and that therefore this Court has lost jurisdiction to entertain said motions of the defendants."

The order entered by the circuit court on January 8, 1964, states that the judgment of the trial court is plainly right, that the appeal was denied and the petition for appeal was dismissed, for reasons stated in the circuit court's written opinion which, by the court order, was made a part of the record. In the written opinion, the judge of the circuit court stated: "I am of opinion that the Court of Common Pleas properly ruled that the defendants failed to show compliance with Rule 59 (b), R. C. P., thereby waiving the errors assigned under the application of Rule 59 (f), R. C. P. The affidavits filed in the Court of Common Pleas subsequent to the rendition of judgment merely crystallize the disputed question of fact before the Court of Common Pleas of whether or not service of the motion was actually had. The trial court having found that such service was not made on counsel for the plaintiff, this question cannot be reopened and reconsidered upon this appeal. The finding of fact by the trial court is entitled to great weight, and all the authorities so hold."

Neither the court of common pleas nor the circuit court passed upon the assignments of error contained in the defendants' joint and several motion to set aside the verdict and judgment and to grant the defendants a new trial.

After the case was submitted for decision, this Court on March 23, 1965, announced an opinion by which the judgment of the circuit court was affirmed. Judge Berry filed a dissenting opinion and Judge Browning filed a concurring opinion. The Court's opinion, followed by the dissent and the concurrence, is reported in 141 S. E. 2d 48. On July 14, 1965, the Court granted a rehearing on the petition of the defendants. On September 28, 1965, the case was again submitted for decision upon briefs and oral argument, pursuant to the rehearing previously granted. In the light of the rehearing, the former opinion of the Court, reported in 141 S. E. 2d 48, is recalled and is superseded by this opinion.

A proper decision of the case involves, in the main, certain pertinent provisions of the West Virginia Rules of Civil Procedure. R. C. P. 59 (b) is as follows: "A motion

for a new trial shall be served not later than 10 days after the entry of the judgment." R. C. P. 6 (b) deals with enlargement of periods of time provided by the rules for doing any act and contains the following language: "* * * but neither the court nor the parties may extend the time for taking any action under Rules 50 (b), * * * 59 (b) * * *." R. C. P. 5 (b) contains the following language: "Whenever under these rules, service is required or permitted to be made upon a party represented by an attorney of record the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court. * * * *Service by mail is complete upon mailing.*" (Italics supplied.) R. C. P. 5 (d) is as follows: "All papers after the complaint required to be served upon a party shall be filed with the court within a reasonable time *after* they have been served or service of such papers has been accepted. There shall be endorsed on or appended to every such paper either a certificate by the attorney or the party that the paper was served in the manner prescribed by this rule or a certificate of acceptance of service by the attorney or the party to be served. Such certificate shall show the date and method of service or the date of the acceptance of service." (Italics supplied.)

The provisions of R. C. P. 59 (b) which require that a motion for a new trial shall be served not later than ten days after the entry of the judgment are mandatory and jurisdictional; and, by reason of R. C. P. 6 (b), the parties have no legal authority to extend the period prescribed for service of the motion. Ohlinger's Federal Practice, Volume 3-A, page 393; Cyclopedia of Federal Procedure (3d Ed.), Volume 10, page 105; Barron and Holtzoff, Federal Practice and Procedure (Rules Ed.), Volume 3, page 378 and page 381; Moore's Federal Practice (2d Ed.), Volume 6, page 3846; Lugar & Silverstein, W. Va. Rules, pages 451-52 and page 513; *Sutherland* v. *Fitzgerald,* 291 F. 2d 846 (10th Cir.); *Brest, Admr.* v. *Philadelphia Trans-*

*portation Co.,* 273 F. 2d 22 (3rd Cir.); *Steward v. The Atlantic Refining Co.,* 235 F. 2d 570 (3rd Cir.); *Hulson v. The Atchison, Topeka and Sante Fe Railway Co.,* 289 F. 2d 726 (7th Cir.). It is quite true that, under R. C. P. 5 (b), service by mail is complete upon mailing, but it is just as clear that the motion for a new trial must be served, in a manner recognized by the Rules, not later than ten days after entry of the judgment in order that the trial court can have jurisdiction to entertain the motion.

On June 3, 1963, counsel for the plaintiff orally objected in open court to the trial court's consideration of the motion for a new trial on the ground that the motion "did not comply with the Rules of Civil Procedure." On the next day, Spencer P. Simpson, one of counsel for the defendants, presented in the office of the clerk of the trial court his certificate or return of service which states that, on January 19, 1963, he served the motion for a new trial on the plaintiff by mailing a copy of it to Larry W. Andrews, one of counsel for the plaintiff; and he then and there requested that his certificate of service be filed by the clerk and that it be appended to the motion for a new trial which previously had been filed by court order. The clerk declined to file the certificate or to append it to the motion, but merely marked it as having been "lodged" in his office. We are of the opinion that the rights of the defendants cannot be affected or prejudiced by the mere action or inaction of the clerk in this respect. *Dwight v. Hazlett et al.,* 107 W. Va. 192, pt. 1 syl., 147 S. E. 877, 66 A. L. R. 102; *Forest Glen Land Co. v. George,* 96 W. Va. 209, 212, 122 S. E. 543, 544; *Darnell v. Flynn et al.,* 69 W. Va. 146, pt. 5 syl., 71 S. E. 16.

As we have stated previously, the defendants' joint and several motion for a new trial was filed by court order on January 18, 1963. R. C. P. 5 (d) provides that all papers after the complaint required to be served on a party shall be filed with the court "within a reasonable time after they have been served or service of such papers has been accepted." The joint and several motion for a new trial in this case was filed before, rather than after, it is alleged

to have been served upon opposing counsel by mailing. We regard this irregularity as one of minor significance and not of a prejudicial nature. While the return of service was not left at the clerk's office to be filed and appended to the motion for a new trial until almost five months after the judgment was entered, we are unable to perceive how the plaintiff could have been prejudiced by that delay. The jurisdictional requirement of R. C. P. 59 (b) is that the motion be served within ten days after judgment. The return itself is not an element of the service. The motion for a new trial was filed and the certificate of service was lodged in the clerk's office before the trial court acted upon the motion. Counsel for the plaintiff had personal knowledge of the motion for a new trial soon after it was filed. R. C. P. 61, dealing with the subject of harmless error, contains the following sentence which we deem pertinent in this connection: "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

The very brief opinion of the trial judge, in the form of a letter directed to counsel of record in the case, merely stated that his court had lost jurisdiction to entertain the motion for a new trial because of the failure of the defendants to comply with the provisions of R. C. P. 59 (b). It has become manifest, during the protracted history of the case in court, that it is most unfortunate and regrettable that the trial judge did not state more specifically, either in his letter opinion or in a court order, in what respect, in his judgment, the defendants failed to comply with R. C. P. 59 (b). There is no definite way to determine from the record whether the trial court's ruling in this respect was based on a proposition of law or upon some factual determination. It was assumed and believed by the judge of the circuit court that the trial court's decision and judgment were based on a factual determination that Spencer P. Simpson, one of counsel for the defendants, did not, in fact, serve the motion for a new trial on Larry W. Andrews, one of counsel for the plaintiff; and that Simpson's certificate purporting to show proper and timely service by

mail was false. We believe that counsel for all the parties have, on this appeal, assumed that the judgment of the trial court was based on a factual determination that the motion for a new trial was not served at any time and that the certificate of service is, therefore, false. In these circumstances, it becomes necessary for this Court to determine from the record whether such factual determination was justified.

There is no way we can determine, with any appreciable degree of certainty, upon what the trial court's finding of fact in this case was based. Normally, in a case coming to this Court on appeal, the evidence is made a part of the record by a method prescribed by law. In such a situation, we are enabled to determine with certainty the proof upon which any finding of fact in the trial court was based and in such circumstances we are enabled to determine from the record whether the finding of fact was justified by the proof. In such a case, we can determine whether the finding of fact was based upon improper evidence, in whole or in part, or whether the finding was without legal evidence for its support. At the time the trial court made its ruling, no testimony or other statements under oath were before the court on the question whether the motion for a new trial, as a factual matter, had been served pursuant to the requirements of R. C. P. 59 (b). Certain affidavits have been filed since the trial court made its ruling but they were not before the trial court when its ruling was made and its final judgment entered. We are of the opinion that a finding of fact, in the light in which that phrase is now being considered, must have a basis in that which in law is regarded as proper proof or evidence.

It appears, inferentially at least, that the trial court's factual determination was made, in whole or in part, upon oral statements made by counsel in open court, addressed in some instances to the court and in other instances to opposing counsel. While at least some of such oral statements of counsel are before us as a part of the court reporter's transcript of the trial court proceedings, it appears that counsel for the parties appeared before the trial court

on one or more occasions when the proceedings were not recorded by the court reporter. We are of the opinion that such unsworn oral statements, even if included in a transcript of the proceedings, cannot form the basis of a finding of fact to which the usual attributes of a finding of fact can be attached upon a review by an appellate court.

This Court, in innumerable cases, has been called upon to appraise findings of fact, including findings made by juries, by trial chancellors and by judges of trial courts sitting in lieu of juries. We are not aware of any such case, and our attention has not been directed to any such case, in which the finding of fact was made in the absence of that which is regarded in law as competent proof or evidence.

While courts are permitted to take judicial notice of certain facts, it is well settled that a trial judge is not permitted to base a finding upon facts which are merely matters of his personal knowledge as distinguished from proof of such facts. "It is a well-entrenched part of the judicial system that the judge sees only with judicial eyes and knows nothing respecting any particular case of which he is not informed judicially." 20 Am. Jur., Evidence, Section 16, page 46. "Judicial knowledge is limited to what a judge may properly know in his judicial capacity and he is not authorized to make his individual knowledge of a fact not generally or professionally known the basis of his action." 31 C. J. S., Evidence, Section 11, page 832. See also 23 C. J., Evidence, Section 5, pages 61-62. The individual and extrajudicial knowledge on the part of a judge will not dispense with proof of facts not judicially cognizable, and cannot be resorted to for the purpose of supplementing the record. *Newton et al.* v. *Newton,* 202 Va. 96, 116 S. E. 2d 94; *Young* v. *Commonwealth,* 194 Va. 780, 75 S. E. 2d 479; *Darnell* v. *Barker,* 179 Va. 86, 18 S. E. 2d 271. "If the judge, as a man and an observer, has any personal knowledge, he may (and sometimes morally must) utilize it by taking the stand as a witness and telling in that capacity what he knows * * *; this solves the dilemma without either injuring justice or violating principle." Wigmore on

Evidence, (3d Ed.), Volume IX, Section 2569, page 540. "The personal knowledge of the chancellor is not judicial knowledge of the court, for there is no way of testing the accuracy of knowledge which rests entirely within the breast of the court." *Weatherton* v. *Taylor*, 124 Ark. 579, 584, 187 S. W. 450, 452. The case of *Mann et al.* v. *Mercer County Court et al.*, 58 W. Va. 651, 52 S. E. 776, involved a petition of voters to require the county court to call a special election. In the opinion in that case the Court stated (58 W. Va. pages 654, 655, 52 S. E. 777): "A petition containing the requisite number of names, and so verified by affidavit, makes a *prima facie* case, and, if it is not in any way contested, nor the *prima facie* case thus made overthrown, the court must act upon it as it is. * * * There should be, at least, some evidence tending to rebut the *prima facie* case made by the petition. Acting upon mere personal knowledge or belief of its own members, not in any way put into the record of the proceeding so as to permit the correctness thereof to be inquired into, the court could not refuse to order the election."

By the provisions of Code, 1931, 51-1-4a, as amended, the legislature has recognized the inherent rule-making power of this Court. See *West Virginia State Bar et al.* v. *Earley*, 144 W. Va. 504, 109 S. E. 420. By the provisions of Section 4 of the same chapter and article, the legislature has expressly authorized the Court to regulate pleading, practice and procedure in trial courts of record in the state. Pursuant to that inherent power and legislative authorization, the Court promulgated the Rules of Civil Precedure, including R. C. P. 5 (d) by which Simpson, as an attorney, was clothed with authority to make the certificate or return of service which he made in this case. We are of the opinion that the certificate or return of service, made pursuant to such authorization, must be regarded as a *prima facie* showing of the truth of matters therein stated; and that it must be accepted in law as proof of the truth of such matters unless or until the *prima facie* showing is overcome by competent proof to the contrary. There is no such proof in the record in this case, and, therefore, the trial court's finding of fact was not justified.

In numerous cases this Court has held that, in a case pending before it on appeal, a finding of fact made in the trial court will be reversed if it is plainly wrong, contrary to the clear preponderance of the evidence or without evidence to support it. This general principle, in substantially identical language, has been applied to findings of fact made by trial juries, trial chancellors or by trial courts sitting in lieu of juries. *Walker* v. *Monongahela Power Company et al.*, 147 W. Va. 825, pt. 2 syl., 131 S. E. 2d 736; *Lambert et al.* v. *Goodman et al.*, 147 W. Va. 513, 516, 129 S. E. 2d 138, 140; *Lester, Admr.* v. *Flanagan*, 145 W. Va. 166, pt. 3 syl., 113 S. E. 2d 87; *Cyrus* v. *Tharp et al.*, 147 W. Va. 110, pt. 7 syl., 126 S. E. 2d 31; *Lieberman* v. *Lieberman*, 142 W. Va. 716, pts. 5 and 6 syl., 98 S. E. 2d 275; *Gray* v. *Marino*, 138 W. Va. 585, 76 S. E. 2d 585; *Williamson* v. *Levine*, 75 W. Va. 143, pt. 1 syl., 83 S. E. 281; *Bluefield Supply Co.* v. *Frankel's Appliances, Inc.*, 149 W. Va. 622, pt. 8 syl., 142 S. E. 2d 898; *Cotiga Development Co.* v. *United Fuel Gas Co.*, 147 W. Va. 484, pt. 6 syl., 128 S. E. 2d 626; *Dunning et al.* v. *Barlow & Wisler, Inc.*, 148 W. Va. 206, pt. 1 syl., 133 S. E. 2d 784; *Green* v. *Henderson*, 136 W. Va. 329, syl., 67 S. E. 2d 554. Substantially the same legal principles are applied by this Court in reviewing findings of fact made by the Workmen's Compensation Appeal Board. *Hayes* v. *State Compensation Director et al.*, 149 W. Va. 220, pt. 4 syl., 140 S. E. 2d 443.

For reasons stated in this opinion, the judgment of the Circuit Court of Kanawha County dated January 8, 1964, affirming the judgment of the Court of Common Pleas of Kanawha County dated August 27, 1963, is reversed and the case is remanded to the court of common pleas with direction to act upon the defendants' joint and several motion for a new trial and to conduct such further proceedings in the case, consistent with the legal principles stated in this opinion, as may be proper.

*Reversed and remanded with directions.*

BROWNING, PRESIDENT, dissenting:

I respectfully but firmly disagree with the majority of this Court, believing that the majority has unnecessarily complicated a simple issue. The pertinent rules, 59 (b) and 5 (d) are pari materia, the former clearly providing that a motion for a new trial shall be served within ten days after entry of a judgment and the latter just as clearly providing that a copy thereof shall be filed "with the court *within a reasonable time*" thereafter; and that there shall be "endorsed on or appended to" such paper "either a certificate of the attorney or the party that the paper was served in the manner prescribed by this rule or a certificate of acceptance of service by the attorney or party to be served." (Italics supplied.) The filing of a copy of the motion in the clerk's office *before* service was alleged to have been had upon opposing counsel and, *five months thereafter,* appending to such motion an alleged certificate of service does not in any manner comply with the mandatory requirements of the pertinent rules. Therefore, inasmuch as no valid motion for a new trial was made within the prescribed period neither the court of common pleas nor the intermediate appellate court had jurisdiction to take any action in this case subsequent to the expiration of the statutory four months period except to hold, as a matter of law, that it was without jurisdiction to further consider the case.

In view of the fact that the pertinent rules were not complied with as a matter of law, I would not reach the factual issue of whether, within ten days after entry of judgment, one of the attorneys for the defendants served one of the attorneys for the plaintiff with a motion for a new trial, by mail. However, I shall briefly comment upon certain statements contained in the majority opinion lest by silence I might now or hereafter be accused of giving my consent to, or approval of, those statements.

I do not believe the criticism of the able and highly respected trial judge to the effect that "it is most unfortunate and regrettable that the trial judge did not state more specifically either in his letter opinion or in a court order, in what respect, in his judgment, the defendants

failed to comply with R. C. P. 59 (b)." is justified. By the hundreds, yes, the thousands, have cases come to this Court on appeal and writ of error in which there was no opinion by the trial court and no specific reason assigned for the court's decision in the final order. As stated in the majority opinion the written opinion of the trial judge is a part of the record in this case. It states that the trial court had lost jurisdiction to entertain such motion inasmuch as "defendants failed to comply with the provisions of Rule 59 (b) of the Rules of Civil Procedure. . . ." That rule clearly and succinctly provides that "A motion for a new trial shall be served not later than 10 days after the entry of the judgment." The trial judge meant what he clearly said, that defendants had not in any manner provided by the Rules served a motion on plaintiff for a new trial within ten days after January 11, 1963, the date of the entry of final judgment in his court.

There can be no criticism of the four points of the syllabus as statements of abstract principles of law but when applied to the facts in this case some, at least, are not applicable. This is the third point of the syllabus: "A certificate of an attorney made pursuant to R. C. P. 5 (d), stating that a motion for a new trial was served, pursuant to R. C. P. 5 (b), by mailing a copy of such motion to opposing counsel, will be regarded in law as a *prima facie* showing of the truth of the matters stated in such certificate." It assumes the timely mailing of a copy of the motion when that was the very question at issue in this case. In the majority opinion it is stated that "the certificate or return of service" must be regarded as a *prima facie* showing of the truth of matters therein stated and it must be accepted "as proof of the truth" thereof "until the *prima facie* showing is overcome by competent proof to the contrary". How could such fact be refuted if a party or his attorney came forward with a copy of a letter properly addressed and dated within the ten day period, in which it was stated that a copy of a motion for a new trial was enclosed, if not by the evidence and circumstances presented here. If it cannot be refuted by facts from which reasonable inferences can

be drawn or circumstantial evidence, then this Court has laid down a rule which makes such allegation not a *prima facie* showing but an irrebuttable presumption that in practice can never be overcome by proof to the contrary.

While, of course, it cannot be considered here, plaintiff, in answer to certain affidavits lodged or filed with this Court by the defendants in connection with their application for rehearing, filed the affidavit of the trial judge to the effect that one of counsel for defendants had stated in open court when the question of service of the motion within the ten day period was first raised, that "it was not necessary that a motion for a new trial be served upon opposing counsel and that he did not have to serve plaintiff's counsel with anything". This was a factor which, though we may not consider it because it is improperly before us at this time, the trial judge could properly have considered, the same as he may judge of the demeanor and credibility of a witness in a case tried by him without a jury, and if there is sufficient record evidence to support his finding we will not disturb it even though we do not have before us all of the factors of the case which entered into his decision.

I am of the opinion, as three other members of this Court were initially, that there was evidence before the trial judge which, in my opinion, was sufficient to support his holding that the ten day statutory period for giving notice of his request for a new trial was not complied with. The record shows that this matter was discussed with the trial court and that these statements were made which he could consider in arriving at his decision: the final order in this case was entered on January 11, 1963, and the motion to set aside the judgment was filed in the clerk's office on January 18; on June 24, 1963, three attorneys for the plaintiff and three for the defendants appeared before the trial judge and the court reporter's record of the proceedings appear on page 613 of the record as follows: One of counsel for the plaintiff stated that ". . . we feel that the Court can not properly consider their motion for a new trial because of their failure to comply with Rules 59 (b) and 5 (d) and that the motion is not properly before this Court." Another of counsel for the plaintiff stated that ". . . I don't

know why counsel [for defendant] would want the Court to rule on the merits of the case and when there is a motion as to whether or not the Court has a right to consider." After the trial judge inquired if one of counsel for the defendants had on the 19th day of January written a letter to one of counsel for the plaintiff containing a copy of the motion for a new trial, "after your motion was filed in the clerk's office, and no certificate was appended to the motion showing you had served plaintiff with a copy. . ." one of counsel for the defendants confirmed the fact but stated that he had "since filed an affidavit in the clerk's office" confirming the mailing of the letter and a copy of the motion to counsel for plaintiff. Thereafter one of counsel for the defendants stated that he had had numerous discussions with counsel for plaintiff with regard to getting a date for hearing on the motion and he finally secured the agreement of one of counsel for the plaintiff to hold a hearing on the motion for a new trial on April 6, 1963, at which time the motion was heard and argued; that on June third a conference was held with counsel for the plaintiff and for "the first time" one of counsel for the plaintiff said that "he had not been served with this notice of this motion and, therefore, the Court had no jurisdiction to consider the motion". The record further shows that on the very next day following that statement, or June 4, a certificate of service averring service of the motion approximately five months before was "lodged" in the clerk's office. On the same day, June 24, 1963, the following colloquy occurred between counsel in the presence of the trial judge: One of counsel for the plaintiff stated that counsel for the defendants had informed counsel for the plaintiff that ". . . he didn't have to serve any motion". When counsel for the plaintiff reminded the attorney for the defendant that the latter had told him that it was not necessary to serve notice of motion for a new trial upon opposing counsel, the defense counsel replied, "Whether I said it was necessary or not . . . I mailed to you a copy of this motion and this order on January 19, 1963."

It is my opinion that a factual question under these circumstances was presented for determination by the trial

judge as to whether opposing counsel had been served with a copy of the notice for a new trial and, of course, if he had not, that being jurisdictional, the defendants are out of court.

Upon the rehearing of this case, counsel for the defendants requested that this case be remanded to the trial court for the purpose of taking evidence upon the crucial issue of jurisdiction and cited many cases that they considered applicable decided by this Court in which such remand had been ordered. It is my opinion that, assuming that the majority of the Court was correct in finding that jurisdiction was a question of fact and that there is insufficient evidence to support the trial court's finding that it was without jurisdiction, there should have been a remand so that the trial judge and counsel for the plaintiff and the defendants might, under oath, give their respective versions of what transpired subsequent to January 11, 1963, when final judgment was entered, so that the jurisdictional question might be determined.

In retrospect, I am sure that this severely and permanently injured plaintiff would have difficulty comprehending the vagaries of the judiciary. The trial judge ruled that the defendants were out of court for the reasons heretofore stated and the able and distinguished judge of the intermediate appellate court, the Circuit Court of Kanawha County, affirmed that finding. This Court granted an appeal, heard arguments and read the briefs of the many counsel in this case and solemnly came to a decision for the plaintiff by a four to one majority [the writer would have affirmed as a matter of law] that there was sufficient evidence to support the factual finding that the trial court had no jurisdiction of the motion to set aside the verdict and grant a new trial. A rehearing was requested and granted, the case was again considered and this time, again by a four to one majority, this Court held that there was *no evidence* upon which the judgment of the trial court could have been entered.

For the reasons hereinbefore stated, I would affirm the ruling of the trial judge and the intermediate appellate judge.