# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

Fall 2024 Term

_____

No. 23-ICA-479

_____

**FILED**

**October 17, 2024**

released at 3:00 p.m.
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

KANE M.,
Respondent Below, Petitioner

v.

MIRANDA M.,
Petitioner Below, Respondent.

_____

Appeal from the Family Court of Wood County

Honorable C. Darren Tallman, Judge

Civil Action No. FC-54-2021-D-23

REMANDED WITH DIRECTIONS

_____

Submitted: September 4, 2024

Filed: October 17, 2024

Jessica E. Myers, Esq.
Myers Law Offices
Parkersburg, West Virginia
Counsel for Petitioner

Ginny Conley, Esq.
Conley Law Office, PLLC
Parkersburg, West Virginia
Counsel for Respondent

JUDGE DANIEL W. GREEAR delivered the Opinion of the Court.

GREEAR, JUDGE:

Kane M. ("Petitioner") appeals the October 2, 2023, Final Divorce Order of the Family Court of Wood County, which denied his request for 50-50 custodial allocation under West Virginia Code § 48-9-206 (2022).[1] Having reviewed this matter, we conclude that the family court failed to set forth findings of fact and conclusions of law sufficient to allow meaningful appellate review. Accordingly, we remand this case to the family court with instructions to draft a new order setting forth findings of fact and conclusions of law sufficient to satisfy the requirements of West Virginia Code § 48-9-206(d).

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Petitioner and Miranda M. ("Respondent") were married on June 12, 2010. The parties have two minor children who were born of the marriage.[2] Petitioner and Respondent are both gainfully employed. In 2014 and 2017, Petitioner was convicted for driving under the influence ("DUI"). On January 15, 2021, Respondent filed for divorce alleging irreconcilable differences. On March 22, 2021, the family court held a preliminary hearing. On September 24, 2021, the family court entered a temporary order wherein Respondent was designated as the primary custodial parent with shared decision-making. Petitioner was granted weekly visitation. Each party was granted one week of vacation.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last names by the first initial. *See, e.g.,* W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] C.M. (born December 4, 2013) and C.M. (born May 30, 2017).

On August 1, 2022, the family court held a final divorce hearing. Respondent alleged that the Petitioner was battling an alcohol abuse problem, which was the basis for her request to maintain the same custodial allocation schedule that was ordered during the preliminary hearing. Respondent cited numerous accounts of the Petitioner's prior alcohol abuse that occurred during the marriage, including a time when Petitioner attempted to drive with one of the children while severely intoxicated. Due to the Petitioner's prior alcohol use, Respondent argued against a 50-50 custodial allocation and for an order requiring the Petitioner to refrain from using any drugs or alcohol for at least twenty-four hours prior to exercising his parenting time.

At the August 1, 2022, hearing, Petitioner submitted a letter from the West Virginia Medical Professionals Health Program showing that he is in good standing and that all of his alcohol screenings had been negative since November of 2018. Petitioner presented uncontroverted testimony that he had not consumed alcohol in over four (4) years.

On October 2, 2023, the family court entered the final divorce order. Based upon the documentation presented and the Petitioner's testimony, the family court determined that the Petitioner had taken significant steps to rectify his alcohol abuse, and the alleged abuse was no longer a problem. However, in its order, the family court found that Respondent had rebutted the 50-50 presumption in favor of equal parenting time on

the basis of the Petitioner's prior alcohol abuse and adopted a parenting plan in which Petitioner was denied equal parenting time. This appeal followed.

## II.    STANDARD OF REVIEW

In appeals from family court proceedings, our standard of review is as follows:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord.* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

"Questions relating to . . . the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl. Pt., *Nichols v. Nichols*, 160 W. Va. 514, 236 S.E.2d 36 (1977). The appellate court may reverse for abuse of discretion if "a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but the [lower court] makes a serious mistake in weighing them." *Gentry v.*

3

*Mangum*, 195 W. Va. 512, 520 n.6, 466 S.E.2d 171, 179 n.6 (1995). Thus, an appellate court "will not simply rubber stamp the trial court's decision when reviewing for an abuse of discretion[.]" *State v. Hedrick*, 204 W. Va. 547, 553, 514 S.E.2d 397, 403 (1999). With this standard in mind, we consider the issues raised on appeal.

## III.    DISCUSSION

On appeal, Petitioner alleges two assignments of error. First, Petitioner argues that the family court erred in determining that the Respondent successfully rebutted the presumption in favor of a 50-50 custodial allocation. Second, Petitioner asserts that the family court failed to make sufficient findings of fact to justify a deviation from the 50-50 custodial allocation as directed under West Virginia Code § 48-9-206(d). After hearing oral argument of the parties and reviewing the record and the applicable law, we find the family court neglected to provide sufficient findings of fact in support of its decision. Specifically, we find that the family court's order did not sufficiently address the factors enumerated in West Virginia Code § 48-9-209 (2022). Accordingly, the family court's order is insufficient as a matter of law and cannot be upheld. Upon a finding that such order is insufficient, it becomes unnecessary to specifically address each of the Petitioner's assignments of error.

It is without dispute that in the October 2, 2023, final order, the family court made only four pertinent findings relating to the custody of the children. Those findings are as follows:

> 1.    That [it is] in the best interests of the children and (sic) to allow each parent to have a meaningful relationship with the child.
>
> 2.    Based on current law, [Respondent] was put in the uncomfortable position of presenting evidence to deviate from an equal shared parenting plan based on the [Petitioner's] substance abuse issue. The Court finds that the mother has met that burden.
>
> 3.    The Court finds that [Petitioner] has a significant substance abuse problem, namely alcohol.
>
> 4.    The Court finds that [Petitioner] has taken significant steps to rectify the substance abuse problem and based on the evidence it appears it is not a current problem.

Despite specifically noting the Petitioner had no current alcohol abuse problems, the family court felt compelled to deviate from a 50-50 custodial allocation, which is statutorily presumed to be in the best interest of the children. The Supreme Court of Appeals of West Virginia ("SCAWV") has consistently remanded such insufficient orders, finding that:

> to properly review an order of a family court, "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record."). "Where the lower tribunals fail to meet this standard—*i.e.* making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development." *Province*, 196 W. Va. at 483, 473 S.E.2d at 904.

*Collisi v. Collisi*, 231 W. Va. 359, 363–64, 745 S.E.2d 250, 254-55 (2013).

West Virginia Code § 48-9-206(a) provides that "[u]nless otherwise resolved by agreement of the parents under § 48-9-201 of this code or unless harmful to the child, the court shall allocate custodial responsibility so that, except to the extent required under § 48-9-209 of this code, the custodial time the child spends with each parent shall be equal (50-50)." West Virginia Code § 48-9-206(d) requires that: "In the absence of an agreement of the parents, the court's determination of allocation of custodial responsibility under this section shall be made pursuant to a final hearing, which shall be conducted by the presentation of evidence. The court's order determining allocation of custodial responsibility shall be in writing, and include specific findings of fact and conclusions of law supporting the determination." Accordingly, a deviation from the 50-50 presumption must be sufficiently explained and justified by the family court in its order. This Court has consistently remanded orders that fail to meet these requirements. *See Jonathon F. v. Rebekah L.,* 247 W. Va. 562, 565, 883 S.E.2d 290, 293 (Ct. App. 2023) (West Virginia Code § 48-9-206(d) mandates specific findings of fact and conclusions of law when there is a deviation from equal (50-50) custodial allocation. Specific findings of fact and conclusions of law would allow this court to determine whether a custodial parenting plan is equal (50-50) parenting time or whether deviation is justified. A custodial allocation could potentially be upheld as equal (50-50) parenting time or as a justified deviation if the family court had provided reasons for its determination with specific findings of fact and conclusions of law); *See also Daniel Y. v. Anne Y.*, No. 23-ICA-34, 2023 WL 7202961, at *3 (W. Va. Ct. App. Nov. 1, 2023) (memorandum decision) (family court failed to justify a deviation from the 50-50 parenting plan).

Considerations for adjustment of parental custody are listed in West Virginia Code § 48-9-209. We note that the family court did not find that the Petitioner was addicted to alcohol as was necessary to fall within the parameters of West Virginia Code § 48-9-209(f)(4)(D). Instead, the family court found that the Petitioner had a previous significant alcohol abuse problem; however, the family court particularly noted that the alcohol abuse was not a current problem. West Virginia Code § 48-9-209(f) is not intended to be an exhaustive list of all limiting factors the family court may consider. Thus, while the struggles of a parent with substance abuse, even those that fall short of an addiction, could in certain cases justify deviation from the 50-50 presumption, it is unclear from the family court's final order how a history of substance abuse justifies the same adjustment when there is no indication of a present problem. When the family court believes that a 50-50 presumption has been rebutted by some limiting factor other than these specifically enumerated in West Virginia Code § 48-9-209, it is essential for the court's order to clearly address with particularity the basis and rationale of its decision.

Additionally, the family court's October 2, 2023, order suggests that a historical finding of substance abuse, standing alone, serves as an enduring justification to reduce the custody of a parent regardless of how much time has elapsed since the substance abuse occurred. However, the SCAWV has considered the passage of time an important consideration when dealing with the sobriety of a parent following struggles with substance abuse. *See Tevya W. v. Elias Trad V.*, 227 W. Va. 618, 626, 712 S.E.2d 786, 794 (2011) (Workman, J., concurring) ("[T]he duration of time that a person achieves sobriety is a

7

significant factor in recovery, I believe that continued sobriety should be considered as an additional change in circumstances. A parent who has remained sober for nearly five years has a far more powerful claim to a change in circumstances than a parent who has been drug-free for merely a month. Such long-lasting transformations reveal a level of stability and personal advancement that is more deserving of consideration by the family court").

If the Petitioner in this case were precluded from receiving 50-50 custody, even when his substance abuse is not a current problem, it is unclear how he could ever show a substantial change of circumstances under West Virginia Code § 48-9-401 (2022) that would enable him to regain such an arrangement which is presumed to be in the children's best interest. When a parent is determined to be addicted to a substance or is dealing with tendencies of substance abuse, the sobriety and abstinence from such substance provides a basis for modification. *See Dancy v. Dancy*, 191 W. Va. 682, 685, 447 S.E.2d 883, 886 (1994). However, when the sobriety and abstinence from a substance, as here, are already achieved and were contemplated at the inception of the parenting plan, the continuation of such sobriety is "anticipated" and will unlikely serve as a basis to warrant a modification.

We remind the family court that when crafting parenting plans, West Virginia Code § 48-9-102a (2022) provides:

> There *shall be a presumption*, rebuttable by a preponderance
> of the evidence, that equal (50-50) custodial allocation is in the
> best interest of the child. *If the presumption is rebutted, the*

8

> *court shall*, absent an agreement between the parents as to all matters related to custodial allocation, *construct a parenting time schedule which maximizes the time each parent has with the child and is consistent with ensuring the child's welfare*.

(emphasis added.) A rebuttable presumption is controlling unless or until such presumption is overcome by competent proof to the contrary. *See Boggs v. Settle*, 150 W. Va. 330, 145 S.E.2d 446 (1965) (Establishing a burden for rebutting the prima facie showing). In the event that such evidence is presented, the family court shall maximize the parenting time with each parent. In the exercise of its discretion, the family court may use the variety of alternative options as contained in West Virginia Code § 48-9-209(b) to ensure the child's welfare without sacrificing maximum parenting time with each parent.

In order for the family court to deviate from a 50-50 custody arrangement on remand, it must explain it its order how the Petitioner's prior alcohol abuse, which was found not to be a current problem, establishes a sufficient reason to deviate from the presumed allocation. In its October 2, 2023, order, the family court failed to provide sufficient findings and conclusions in support of its decision to deviate from the statutorily presumed custodial allocation.

## IV.    CONCLUSION

For the foregoing reasons, the October 2, 2023, order of the Family Court of Wood County is hereby converted to a temporary order regarding custodial allocation, and

9

this matter is remanded with directions to enter an order with sufficient findings of fact and conclusions of law to support its decision consistent with this opinion.

Remanded with Directions.