# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**June 2, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JUSTIN B.,**
**Respondent Below, Petitioner**

**v.) No. 25-ICA-362**   (Fam. Ct. Wood Cnty. No. FC-54-2023-D-166)

**KELSIE B.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Justin B. ("Father")[1] appeals the Family Court of Wood County's August 14, 2025, final divorce order denying his request for equal (50-50) custodial allocation of the parties' three children. Respondent Kelsie B. ("Mother") filed a response in support of the family court's order.[2] Father filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision vacating the decision and remanding to the family court for further proceedings is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties were married on July 18, 2016, and share three minor children. They have one daughter, born in 2020, and twin sons, who were born in 2017. Mother filed a petition for divorce on April 19, 2023. The family court conducted a preliminary hearing on August 10, 2023, during which the court issued a temporary order requiring the parties exercise an "approximately 50/50" visitation schedule with the minor children, to be based on Father's work schedule.

The family court conducted a second hearing on October 6, 2023, during which the court ordered the parties to exercise "a near 50/50" parenting plan, again to be structured around Father's work schedule. On January 4, 2024, at a third hearing, the court ordered

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is represented by Virginia Conley, Esq. Mother is self-represented.

the parties to continue to follow the parenting plan as previously set forth in its November 2, 2023, order. Thereafter, on June 25, 2025, Mother filed an updated proposed parenting plan and requested a majority share of the parenting time. The family court scheduled a final hearing on July 8, 2025; however, the court continued this hearing because Father did not appear. Nonetheless, Mother moved the court to permit her to list the marital home for sale based upon evidence that the mortgage was past due, and the court granted her motion.

The family court held the final hearing on July 31, 2025, at which Mother appeared with counsel and Father was self-represented. At that time, Father orally moved the court to continue the final hearing to allow him the opportunity to retain counsel because Mother was now requesting primary custody. The court informed Father that it could not deny him the right to seek counsel; however, Mother moved the court to proceed with the final hearing and to rule on the issue of custodial allocation because the children's school year was about to begin, and she wished to move the children from the Wood County school system to the Belpre City school district in Belpre, Ohio. The court granted Mother's request and denied Father's motion to continue the hearing.

In its August 14, 2025, final order, the family court granted the parties' divorce, and ruled on the remaining equitable distribution issues, child support, spousal support, attorney's fees, and ordered the final parenting plan. The court designated Mother as the primary residential parent for school placement purposes and Father was awarded parenting time every 1st, 3rd, and 5th weekend. Further, the court ordered the parties to exercise a week on, week off parenting plan in the summer. It is from the August 14, 2025, order that Father now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

The Supreme Court of Appeals of West Virginia ("SCAWV") has held that "[q]uestions relating to . . . custody of the children are within the sound discretion of the [family] court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl., in part, *Nichols v. Nichols,* 160 W. Va. 514, 236 S.E.2d 36 (1977). Further, in "custody matters, we have

2

traditionally held paramount the best interests of the child." Syl. Pt. 5, in part, *Carter v. Carter,* 196 W. Va. 239, 470 S.E.2d 193 (1996). Mindful of these principles, we consider Father's assignment of error.

Father argues that the family court erred by failing to grant him equal allocation of custodial responsibility because Mother failed to present sufficient evidence to rebut the presumption that a 50-50 custodial allocation was appropriate. Additionally, Father asserts that the court improperly relied, in part, upon the proffers of counsel in making its ruling. We agree with Father.

Here, the parties exercised a nearly 50-50 parenting schedule from the initial custody order in 2023 until the final hearing on July 31, 2025. Their custody arrangement was not modified by the court during any previous hearing. Further, Father notes that neither party moved to modify the temporary visitation schedule during the parties' prolonged divorce proceeding.[3]

West Virginia Code § 48-9-206(a) (2022) provides that "[u]nless otherwise resolved by agreement of the parents under § 48-9-201 . . . or unless harmful to the child, the court shall allocate custodial responsibility so that, except to the extent required under § 48-9-209 . . . , the custodial time the child spends with each parent shall be equal (50-50)." The SCAWV has long reasoned that a rebuttable presumption is controlling unless or until such presumption is overcome by competent proof to the contrary. *See Boggs v. Settle*, 150 W. Va. 330, 145 S.E.2d 446 (1965) (establishing a burden for rebutting the prima facie showing.) It is the burden of the party who opposes the allocation of equal custodial time to rebut the 50-50 presumption. *See Jesse C. v. Veronica C.*, No. 23-ICA-169, 2024 WL 1590468, at *3 (W. Va. Ct. App. Feb. 8, 2024) (memorandum decision).

This Court has previously explained this rebuttable presumption as follows:

> This statute presumes equal (50-50) parenting time for both parents unless the parties agree otherwise. This presumption may be rebutted if the family court finds by a preponderance of the evidence that the arrangement would be harmful to the child, or a provision of West Virginia Code § 48-9-209(f) (2022) requires a different custodial allocation. West Virginia Code § 48-9-206(d) requires that a determination of custodial allocation in a final permanent parenting plan order be based on the presentation of evidence and

---

[3] The court may consider the allocation of custodial responsibility through temporary agreements by the parties if the court finds that the agreements were consensual. *See* W. Va. Code § 48-9-206(c).

include specific findings of fact and conclusions of law supporting the determination.

*Jonathon F. v. Rebekah L.,* 247 W. Va. 562, 563, 883 S.E.2d 290, 291 (Ct. App. 2023). West Virginia Code § 48-9-102a also requires that "[i]f the presumption is rebutted, the court shall, absent an agreement between the parents as to all matters related to custodial allocation, construct a parenting time schedule which maximizes the time each parent has with the child and is consistent with ensuring the child's welfare." West Virginia Code § 48-9-209 identifies a nonexclusive list of factors the family court is required to consider when implementing a permanent parenting plan, as well as those factors the family court shall consider "in determining whether the statutory presumption for an equal (50-50) allocation of physical custody has been rebutted." *Id.*

In this case, contrary to the statutory requirements, the family court made no specific findings of fact or conclusions of law supporting its decision to allocate less than equal custodial responsibility between the parties. Moreover, the SCAWV has consistently found that to properly review an order of a family court, "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996). "A custodial allocation could potentially be upheld as equal (50-50) parenting time or as a justified deviation if the family court had provided reasons for its determination with specific findings of fact and conclusions of law[.]" *Kane M. v. Miranda M.*, 250 W. Va. 701, 705, 908 S.E.2d 198, 202 (Ct. App. 2024).

As to Father's allegations regarding the family court's acceptance of evidence by proffer, we agree and recognize that the record reveals that the hearing before the family court was taken primarily by proffer of counsel. While neither party objected below, Father raised this issue on appeal. Moreover, West Virginia Code § 48-9-206(d) requires the family court to conduct an evidentiary hearing on the record, regardless of whether either party raised an objection to introduction of evidence by proffer. Accordingly, we find error in the family court's entry of a final order based solely on evidence offered by proffer. *See Jonathon F. v. Rebekah L.,* 247 W. Va. 562, 563, 883 S.E.2d 290, 291 (Ct. App. 2023).

Therefore, based on the foregoing, we vacate the family court's August 14, 2025, final order and remand this case to the family court with directions to conduct a proper evidentiary hearing with sufficient analysis on the allocation of equal custodial time and sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review. *See, e.g.*, *Melvin L. v. Brianna W.*, No. 22-ICA-295, 2023 WL 3581499, at *3 (W. Va. Ct. App. May 22, 2023) (memorandum decision) and *Daniel Y. v. Anne Y.*, No. 23-ICA-34, 2023 WL 7202961, at *4 (W. Va. Ct. App. Nov. 1, 2023) (memorandum decision) (requiring family court orders to set out specific findings of fact and conclusions of law to facilitate a meaningful appellate review). Upon remand, the family court may reach the same conclusion. However, the family court must provide findings of fact and conclusions

4

of law, in accordance with West Virginia Code §§ 48-9-102a, 48-9-206, and 48-9-209, detailing why the presumption of 50-50 custody was rebutted. Accordingly, the parenting plan contained in the August 14, 2025, final divorce order is hereby converted to a temporary custodial allocation order until the entry of a new final order consistent with this decision is issued by the family court.

Vacated and Remanded with Directions.

**ISSUED:** June 2, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White